UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAMON VALENCIA, on behalf of himself and all
others similarly situated,

                        Plaintiff,

        -against-

LIVE LION SECURITY LLC, BENJAMIN
MEHREL, and JOSEPH JACOBOWITZ,

                        Defendants.
------------------------------------------------------------------X

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Ramon Valencia ("Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants Live Lion Security LLC ("Live Lion"), Benjamin Mehrel, and Joseph Jacobowitz (collectively, "Defendants"), alleges:

**NATURE OF THE ACTION**

1. While employed as a security monitor at Live Lion, Plaintiff Ramon Valencia regularly worked up to sixty-three hours per workweek but was paid the same hourly rate for all hours worked, including those over forty. Valencia, who was paid the minimum hourly wage rate in 2019 and 2020, often worked shifts that were longer than ten hours in those year but was not paid spread-of-hours pay. In addition to denying Valencia his wages due, Defendants failed to furnish him with wage notices and with compliant wage statements at the end of every pay period.

2. Plaintiff brings this action on behalf of himself and all similarly situated non-exempt security monitors ("Security Monitors") to recover unpaid overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C.

§ 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in Brooklyn, which is located in this district.

## THE PARTIES

**Plaintiff Ramon Valencia**

5. Ramon Valencia resides in Brooklyn, New York.

6. Valencia worked for Live Lion as a Security Monitor from approximately August 2018 through December 2020.

**Defendant Live Lion Security LLC**

7. Defendant Live Lion Security LLC is a New York limited liability company located at 277 Classon Ave, STE BSMT Brooklyn, NY, 11205.

8. Live Lion offers its clients remote live-video monitoring services twenty-four hours a day, seven days a week.

9. Live Lion is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Live Lion has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working

on goods or materials that have been moved in or produced for interstate commerce by any person.

11. In each of the three years preceding the filing of this Complaint, Live Lion's annual gross volume of sales exceeded $500,000.

**Defendant Benjamin Mehrel**

12. Defendant Benjamin Mehrel is an owner of Live Lion Security LLC.

13. Throughout Plaintiff's employment, Mehrel was regularly present at Live Lion.

14. Mehrel authorized the hiring and firing of Live Lion employees.

15. Mehrel determined the wage rates of Live Lion employees, including the wage rates of Plaintiff.

16. Mehrel determined the schedules of Live Lion employees, including Plaintiff's schedule. For example, Mehrel would contact Plaintiff when he was required to cover a shift for an absent coworker.

17. Mehrel directed the work duties of Live Lion Employees, including Plaintiff. For example, Mehrel and Defendant Joseph Jacobowitz regularly held mandatory employee meetings where performance and disciplinary issues would be addressed and corrected.

18. Mehrel exercised sufficient control over the operations of Live Lion to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Joseph Jacobowitz**

19. Joseph Jacobowitz is an owner of Live Lion Security LLC.

20. Throughout Plaintiff's employment, Jacobowitz was regularly present at Live Lion.

21. Jacobowitz authorized the hiring and firing of Live Lion employees.

22. Jacobowitz determined the wage rates of Live Lion employees, including the wage rates of Plaintiff.

23. Jacobowitz directed Live Lion Employees, including Plaintiff. For example, Jacobowitz and Defendant Benjamin Mehrel regularly held mandatory employee meetings where performance and disciplinary issues would be addressed and corrected.

24. Jacobowitz exercised sufficient control over the operations of Live Lion to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

25. Throughout their employment with Live Lion, Plaintiff and other Security Monitors would remotely surveil construction worksites and other businesses using monitors and security cameras. When Plaintiff and other Security Monitors witnessed a crime or security risk on their screens, they would contact the local authorities.

26. Defendants failed to furnish Plaintiff and other Security Monitors with wage notices when hired or when their rate of pay changed.

27. Defendants failed to furnish Plaintiff and other Security Monitors with wage statements with each payment of their wages throughout their employment.

**Ramon Valencias's Hours Worked and Wages Paid**

28. From approximately August 2018 through December 2018, Defendants paid Valencia an hourly wage rate of $14 for all hours worked, including hours worked over forty per workweek.

29. From approximately January 2019 through the end of his employment, Defendants paid Valencia an hourly wage rate of $15 for all hours worked, including hours worked over forty per workweek.

4

30. Throughout his employment at Live Lion, Valencia worked approximately forty-two to sixty-nine hours per workweek and often worked shifts that were longer than ten hours.

31. Valencia's regular weekly schedule was six days per week, Monday through Saturday from 6:00 p.m. to approximately 1:00 a.m., totaling approximately forty-two hours per workweek. However, Valencia would also cover coworkers' shifts, work extended shifts, or work on Sundays, resulting in more hours worked per week.

32. For example, for the workweek of September 5 to 11, 2018, Valencia worked 47 hours and was paid $14 per hour, including for his 7 overtime hours worked.

33. For this workweek, Defendants should have paid Valencia $21, not $14, per overtime hour. Therefore, Defendants owe him $49 in unpaid overtime wages for this workweek.

34. For example, for the workweek of April 17 to 23, 2019, Valencia worked 63.33 hours: 6 hours and 31 minutes on April 17; 6 hours and 24 minutes on April 18; 11 hours and 15 minutes on April 19; 8 hours and 23 minutes on April 20; 6 hours and 29 minutes on April 21; 12 hours and 24 minutes on April 22; and 11 hours and 54 minutes on April 23.

35. For this workweek, Defendants paid Valencia $949.95, equal to his 63.33 hours worked multiplied by his $15 per hour wage rate.

36. For this workweek, Defendants should have paid Valencia $22.50, not $15, per overtime hour worked plus $15 per each of his three spread-of-hours shifts worked. Therefore, Defendants owe Valencia $174.98 in unpaid overtime wages plus $45 in unpaid spread-of-hours shifts for this workweek.

37. For example, on the workweek of October 16 to 22, 2019, Valencia worked 69.77 hours: 12 hours and 1 minute on October 16; 11 hours and 50 minutes on October

5

17; 7 hours and 50 minutes on October 18; 8 hours and 22 minutes on October 19; 5 hours and 52 minutes on October 20; 11 hours and 49 minutes on October 21; and 12 hours and 2 minutes on October 22.

38. For this workweek, Defendants paid Valencia $1,046.55, equal to his 69.77 hours worked multiplied by his $15 per hour wage rate.

39. For this workweek, Defendants should have paid Valencia $22.50, not $15, per overtime hour worked and $15 per each of his four spread-of-hours shifts worked. Therefore, Defendants owe Valencia $223.28 in unpaid overtime wages and $60 in unpaid spread-of-hours pay for this workweek.

40. For example, for the workweek of October 7 to 13, 2020, Valencia worked 50.5 hours: 11 hours and 32 minutes on October 7; 11 hours and 25 minutes on October 8; 7 hours and 32 minutes on October 10; 7 hours and 59 minutes on October 11; and 6 hours and 4 minutes on October 12.

41. For this workweek, Defendants paid Valencia $757.50, equal to his 50.5 hours worked multiplied by his $15 per hour wage rate.

42. For this workweek, Defendants should have paid Valencia $22.50, not $15, per overtime hour worked and $15 per each of his two spread-of-hours shifts worked. Therefore, Defendants owe Valencia $78.75 in unpaid overtime wages and $30 in unpaid spread-of-hours pay for this workweek.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and all similarly situated Security Monitors who worked at Live Lion within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

44. The FLSA Collective consists of over forty Security Monitors who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

45. Throughout Plaintiff's employment, Plaintiff and the FLSA Collective have had work schedules that regularly consisted of more than forty hours per workweek, have performed virtually the same work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

46. Defendants are aware or should have been aware that the FLSA required them to pay Security Monitors an overtime premium for hours worked in excess of forty per workweek.

47. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

48. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Security Monitors can be readily identified and located through Defendants' records. The similarly situated Security Monitors should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Security Monitors who work or have worked for Live Lion within the six years prior to the filing of this Complaint (the "Rule 23 Class").

50. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

51. The size of the Rule 23 Class exceeds forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

52. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

53. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

   b. whether Defendants failed to pay Security Monitors at the correct overtime rate for all time worked in excess of forty hours per week;

   c. whether Defendants failed to pay Security Monitors spread-of-hours pay for days in which their shifts spanned over ten hours;

   d. whether Defendants failed to provide Security Monitors with accurate wage statements as required by the NYLL and WTPA;

   e. whether Defendants failed to furnish Security Monitors with wage notices at the time of hiring as required by the WTPA; and

   f. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

54. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours

worked over forty in a workweek. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

55. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

56. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

57. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

58. There is no conflict between Plaintiff and the Rule 23 Class members.

59. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

60. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

61. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates, which cannot be less than the applicable minimum wage rate, per hour worked in excess of forty per workweek.

63. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

64. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

65. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

66. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

67. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68. Pursuant to the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

69. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting NYDOL Regulations, and employed Plaintiff and the Rule 23 Class.

70. Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay, which could not be less than the minimum wage rate, per hour worked in excess of forty per workweek.

71. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

72. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

73. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

74. Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

75. By Defendants' failure to pay Plaintiff and the Rule 23 Class spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting NYDOL regulations, including, but not limited to the Miscellaneous Industry Wage Order, 12 N.Y.C.R.R. §§ 142–2.4, –2.18, –3.4.

76. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
### (New York Labor Law – Failure to Provide Wage Notices)

77. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

79. Defendants failed to furnish to Plaintiff and the Rule 23 Class at the time of hiring, and whenever there was a change to Plaintiff's and the Rule 23 Class's rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

80. Due to Defendants' violation of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FIFTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

81. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82. Defendants failed to furnish Plaintiff and the Rule 23 Class, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

83. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff and the Rule 23 Class are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, certification of Plaintiff as the class representative, and designation of Plaintiff's counsel as Class Counsel;

b. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

    d.  declare that Defendants have violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

    e.  declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

    f.  declare that Defendants' violations of the FLSA and NYLL were willful;

    g.  award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

    h.  award Plaintiff and the Rule 23 Class unpaid spread-of-hours wages;

    i.  award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with a notice at the time of hiring or whenever there was a change in their rates of pay, in violation of the NYLL and WTPA;

    j.  award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

    k.  award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

    l.  award Plaintiff and the Rule 23 Class pre- and post-judgment interest under the NYLL;

    m.  awarding Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

    n.  award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        January 26, 2021

                                        PECHMAN LAW GROUP PLLC

                                        By: *s/Louis Pechman*
                                                Louis Pechman
                                                Gianfranco J. Cuadra
                                                Pechman Law Group PLLC
                                                488 Madison Avenue, 17th Floor
                                                New York, New York 10022
                                                Tel.: (212) 583-9500
                                                pechman@pechmanlaw.com
                                                cuadra@pechmanlaw.com

                                                *Attorneys for Plaintiff, the*
                                                *Putative FLSA Collective, and Putative*
                                                *Rule 23 Class*