# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

November 12, 2021

**VIA ECF**

Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Valencia v. Live Lion Security LLC et al.*
              No. 21 Civ. 448 (KAM) (PK)

Dear Judge Kuo:

      We represent plaintiff Ramon Valencia and opt-in plaintiff Norelvi Serrano in the above-referenced matter. Together with Defendants' attorneys, Chaim Book and Chris Neff of Moskowitz & Book, LLP, we submit this letter-motion to request that the Court revise its electronic Order dated November 10, 2021 (the "Order"), and allow the Parties additional time to submit their settlement approval documents.

      The Parties have reached a settlement in principle on a class and collective action basis, not on an individual plaintiff basis. The Order directs the Parties to submit their settlement approval documents pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), by December 31, 2021. Although *Cheeks* applies to the collective action portion of the Parties' settlement under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Rule 23 of the Federal Rules of Civil Procedure applies to the settlement of claims under the New York Labor Law ("NYLL") on a class action basis. Per Rule 23, the Parties must seek preliminary approval of their settlement, undergo a notice period allowing class members to accept, opt out of, or object to the settlement, and afterwards submit a motion for final settlement approval. *See* Fed. R. Civ. P. 23(e).

      Under the proposed settlement, Defendants will pay $350,000 to settle the FLSA and NYLL wage-and-hour claims of approximately 88 Class Members. As will be explained in further detail in the Parties' future motions for settlement approval, this is an excellent result for the proposed Class that should be approved. However, Defendants need additional time to gather the full $350,000. To accommodate them, the Parties have agreed that Defendants will fund the settlement in parts, with the final payment due by October 1, 2022. To this end, and to avoid having installment payments issued to Class Members, the Parties propose the following motion and settlement schedule:

1) Settlement Agreement to be signed by December 31, 2021;

2) Motion for preliminary settlement approval due by February 4, 2022;

3) Assuming the Court preliminarily approves the settlement and notices are sent out to all Class Members before the end of April 2022, Class Counsel will file the motion for final settlement approval at some point in July 2022;

4) The Claims Administrator will distribute payment checks to all Class Member by the later of (a) within forty-five days of the Court's issuance of an Order approving the settlement on a final basis or (b) October 14, 2022.

This schedule will give Defendants enough time to gather the $350,000 needed while avoiding installment settlement payments to Class Members, which will unnecessarily increase the costs of the Claims Administrator and confuse Class Members.

Finally, the Parties have agreed to proceed with this matter before Your Honor, the assigned Magistrate Judge, for all purposes. Attached to this letter-motion is a proposed reference order.

We thank the Court for its attention to this matter. The Parties are available if the Court needs any additional information.

Respectfully submitted,

Gianfranco J. Cuadra

Encl.

cc: Chaim B. Book, Esq. (via email and ECF)
    Christopher Neff, Esq. (via email and ECF)
    Louis Pechman, Esq. (via email and ECF)