*Valencia v. Live Lion Security LLC*
No. 21 Civ. 448 (PK)

**EXHIBIT C**

**Notice of Class and Collective Action
Settlement**

Affirmation of Louis Pechman in Support of Motion
for Preliminary Settlement Approval

---------------------------------------------------------------------- X

RAMON VALENCIA, on behalf of himself and all   :
others similarly situated,   :
  :
                  Plaintiff,   :
  :
        -against-   :      **21 Civ. 00448 (PK)**
  :
LIVE LION SECURITY LLC, BENJAMIN MEHREL,   :
and JOSEPH JACOBOWITZ,   :
  :
              Defendants.   :
---------------------------------------------------------------------- X

## NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**As a current or former hourly-paid security monitor who worked at Live Lion Security LLC, you are eligible to receive a payment from a class action settlement.**

- Live Lion Security LLC, Benjamin Mehrel, and Joseph Jacobowitz (collectively, "Live Lion") have agreed to pay a total of $350,000.00 to resolve claims that they allegedly failed to pay security monitors overtime wages at the rate of one and one-half times their regular hourly wage rates under federal and state law and spread-of-hours pay under the state law from July 2017 through January 27, 2021.

- Live Lion has denied it paid anyone incorrectly or violated any law, and there has been no finding that Live Lion engaged in any wrongdoing.

- The parties disagree as to who would win, and how much if anything could be won, if the case went to trial. Accordingly, as a result of recent negotiations, the parties reached this settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Exclude Yourself** | Get no payment and preserve your legal claims. |
| **Object** | Inform the Court about what you oppose in the settlement. |
| **Go to a Hearing** | If you object, you also have the right to ask to speak in Court about the fairness of the settlement. |
| **Do Nothing and Receive a Settlement Check** | Release your rights under New York law and, in exchange, receive a settlement check for the amount set forth below. By cashing the check, you release your rights under federal law. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.

### 1. Why did I get this Notice Package?

You are receiving this notice because Live Lion's records indicate that you (a) worked in its office in New York as a security monitor, (b) were paid on an hourly basis, and (c) may have worked more than forty hours on at least one week and/or at least one shift longer than ten hours between July 2017 and January 27, 2021 (the "Relevant Period"). The above-referenced lawsuit, *Valencia v. Live Lion Security*

*LLC*, 21-cv-448 (PK) (the "Lawsuit"), is pending in the United States District Court for the Eastern District of New York (the "Court"). The Court has preliminarily approved a settlement ("Settlement") of the Lawsuit. The Settlement provides for security monitors who worked more than forty hours on at least one week and/or a shift longer than ten hours during the Relevant Period to receive a portion of the $350,000.00 that Defendants are paying to end the Lawsuit (the "Settlement Payment"). The Court will conduct a hearing (the "Fairness Hearing") to determine if the Settlement should be approved.

This notice describes the Settlement and how you can obtain money from it. This notice also describes how you can exclude yourself from or object to the Settlement.

## 2. What is this Lawsuit about and why did it settle?

Plaintiffs (also known as "Class Representatives") are the persons who started the Lawsuit. They claim that Live Lion paid its hourly-paid security monitors (a) at the same hourly wage rate per hour worked, including for hours worked over forty, and (b) at the minimum wage rate yet required them to work shifts longer than ten hours per day without paying them an additional hour at the full minimum wage rate (known as "spread-of-hours" pay). Plaintiffs further claim that Live Lion gave security monitors weekly paystubs that did not accurately reflect employees' overtime wage rates and failed to give them wage notices at the time of hiring. Plaintiffs assert these claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA") on behalf of themselves and all other security monitors who worked at Live Lion during the Relevant Period.

Live Lion denies Plaintiffs' allegations and asserts that it paid its employees fairly and consistently with all applicable laws. Live Lion also maintains its wage notices and paystubs complied with the NYLL and WTPA. However, Live Lion has decided to settle the Lawsuit to dedicate its time and resources to ongoing business operations instead of defending against a lawsuit.

Plaintiffs' attorneys, referred to as "Class Counsel," believe the Settlement provides a significant benefit to many present and former security monitors and enables them to avoid the risk that Live Lion could win the Lawsuit, in which case class members would recover nothing. The Settlement also enables class members to recover money without the delay of protracted litigation.

The Settlement is the result of good-faith, arm's-length negotiations between the Class Representatives and Live Lion, which included months of discussions, the exchange of thousands of pages of documents and data, negotiations through counsel experienced in these types of cases, and a mediation presided over by a neutral third-party attorney experienced in these types of cases. The Settlement represents a compromise regarding disputed claims, considering the risks and uncertainties of continued litigation. The Class Representatives and Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the class members.

The Federal Judge overseeing the Lawsuit has "preliminarily approved" the Settlement and will make a final decision regarding its fairness at the Fairness Hearing described in Section 8 below.

## 3. What does the Settlement provide, and how much will I be paid?

Under the Settlement, Live Lion will pay $350,000.00 to resolve all claims asserted in the Lawsuit. Based on the payroll records received from Live Lion, Class Counsel calculated the amount Live Lion allegedly owes each class member in (a) unpaid overtime wages, (b) unpaid spread-of-hours pay, and (c) WTPA liquidated damages.

Your "Settlement Share" is equal to all of your alleged unpaid overtime wages and spread-of-hours pay multiplied by two plus a portion of your alleged WTPA damages. The "Net Settlement Amount" is the money remaining of the $350,000 after subtracting from it (a) all wages (multiplied by 2) being paid to Class Members as part of their Settlement Shares, (b) litigation costs, (c) attorney's fees, (d) service payments to Class Representatives, (e) the Claim Administrator's service fees, and (f) a temporary $20,000 reserve fund. Class Counsel divided your individual alleged WTPA damages by the WTPA damages for all Class Members combined, yielding a percentage. That percentage was

multiplied by the Net Settlement Amount. The resulting number, added to two times your alleged unpaid wages, equals your estimated Settlement Share. Please note your estimated Settlement Share is only an estimate. As noted, there is a temporary hold on $20,000 of the Settlement Payment, which may or may not be used up before the Lawsuit ends depending on several factors. Whatever portion of the $20,000 Reserve Fund that is not spent will be added back into the Net Settlement Amount, thereby increasing each Class Member's Settlement Share.

Live Lion will make a settlement payment to all class members who do not exclude themselves from this Settlement (known as the "Rule 23 Class Members").

**BASED ON THE FOREGOING, YOUR ESTIMATED SETTLEMENT SHARE IS: $_____.**

Your Settlement Share represents the negotiated payment for all allegedly unpaid overtime and spread-of-hours wages, all alleged liquidated damages, and statutory damages under the FLSA, NYLL, and WTPA. Live Lion will pay and report half of your Settlement Share under IRS Tax Form 1099 and the other half under IRS Tax Form W-2. If any Rule 23 Class Member does not deposit his or her Settlement Check within 180 days from the date it was mailed, he or she will not receive any proceeds under the Settlement and his or her Settlement Share will be returned Live Lion. If a Rule 23 Class Member loses or does not receive a Settlement Check, he or she may request a replacement and/or new check within the first 60 days from the initial mailing of checks.

Neither Class Counsel nor Live Lion makes any representations concerning tax consequences of this Settlement or participation in it, and you are advised to seek your own personal tax advice. Any perceived tax advice in this notice was not intended or written to be used, and it cannot be used, by any recipient for the purpose of avoiding any tax obligations or penalties that may be imposed on any person. This notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction.

At the Fairness Hearing, Class Counsel will apply to receive one-third of the Settlement Payment (an amount equal to $116,666.00) for services they provided plus an additional amount, not to exceed $1,300.00, for costs incurred in the prosecution of the Lawsuit. This amount will be requested based on the substantial work Class Counsel performed in the Lawsuit and the risk Class Counsel took in bringing the Lawsuit. Class Counsel has conducted extensive investigation in prosecuting the Lawsuit for months, including, but not limited to, analyzing payroll data, calculating individualized damages for all Class Members, and negotiating the Settlement.

At the Fairness Hearing, Class Counsel will also request payment of fees to the Claims Administrator, which is the company sending this notice and performing several tasks under this Settlement, in an amount not to exceed $18,000. The Claims Administrator will perform significant work, including controlling the bank account that holds the Settlement Payment, issuing Settlement Checks to each Class Member, and reporting taxes as legally necessary based on each Settlement Share payment.

At the Fairness Hearing, Class Counsel will also ask the Court to approve service payments of $10,000 for Ramon Valencia and $5,000 to Norelvi Serrano for their invaluable services to the Class, including bringing the Lawsuit, providing all information needed for meaningful Settlement discussions to occur, identifying potential class members, and participating in the mediation that led to this Settlement.

| **4. How can I receive my payment?** |
|---|

**IN ORDER TO RECEIVE MONEY FROM THE SETTLEMENT, SIMPLY DO NOTHING.**

Live Lion has entered into this Settlement Agreement because it is committed to paying its employees for amounts that they believe they may be owed. There will be no retaliation or retribution as a result of any employee's participation in the Settlement.

| **5. What happens if I become a Rule 23 Class Member?** |
|---|

If you do nothing, thereby becoming a Rule 23 Class Member, you will receive a Settlement Check for the estimated amount set forth in Section 3 above in exchange for giving up certain rights under New York State laws (*i.e.*, WTPA and NYLL).

## 6. What am I giving up as a Rule 23 Class Member?

If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice, and you, as a Rule 23 Class Member, will release any and all NYLL and WTPA claims, including but not limited to unpaid overtime and spread-of-hours wages, failure to receive accurate paystubs every week, and failure to receive wage notices upon hiring, for the Relevant Period that were or could have been brought in the Lawsuit. However, you will not release any claims under the federal law (*i.e.*, the FLSA) unless you become an FLSA Collective Member by negotiating and/or depositing your Settlement check within 180 days of its mailing to you.

## 7. How do I exclude myself (opt-out) from this Settlement?

To exclude yourself from the Settlement, you must mail a written request to opt-out of the Settlement to the address below.

[INSERT]

Your request for exclusion must be postmarked on or before [DEADLINE] to be valid. To be valid, the Request for Exclusion from Class Settlement form must be signed and dated by you, and must include your full name, address, and telephone number. The Request for Exclusion from the Class Settlement must specifically state that you want to be excluded from the Settlement in the Lawsuit.

If you exclude yourself, you will not release or waive any legal claims under any law, and you will preserve your right to sue Live Lion on your own for alleged violations of the Released Claims as set forth in the Settlement Agreement. Please note there is a statute of limitations (a time limit) for you to file a lawsuit. However, if you exclude yourself from the Settlement, you will **not** receive any money from this Settlement and you **cannot** object to any part of it.

## 8. Final Approval of Settlement at Fairness Hearing

The Federal Judge presiding over this Lawsuit will conduct a Final Fairness Hearing at [date, time, location]. At the Fairness Hearing, the Judge will decide whether the Settlement is sufficiently fair and reasonable to warrant final court approval. You are not required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense. If you plan on attending, please contact Class Counsel so that the Court can be notified to ensure that there is enough space and time allotted for you.

## 9. How do I object to the Settlement?

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by mailing, by first-class mail, your written objection to the address below. In order to object to the Settlement, you must remain a Class Member and may not opt-out or exclude yourself from the Settlement.

[INSERT]

All objection(s) to any part of the Settlement must be signed by you or your counsel and set forth your full name, address, and telephone number. All objections must be postmarked no later than [DEADLINE]. If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Fairness Hearing discussed above. Your objection must clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Fairness Hearing. Any reasons for objections not included in the written objection will not be considered by the Court. If you object to the Settlement, Class Counsel will not represent you in your objection.

Any class member who does not object in the manner described above shall be deemed to have waived any objections and shall forever be foreclosed from objecting to the fairness and adequacy of the proposed Settlement, the payment of attorneys' fees, service payments, and litigation costs, the Settlement process(es), and all other aspects of the Settlement.

Likewise, regardless of whether you file an objection, you will be deemed to have released all Released Claims against Live Lion and be subject to the Release contained in the Settlement Agreement as explained in Section 6 above unless you properly request exclusion from the Settlement in accordance with the Section 7 above. Please note that if you exclude yourself from the Settlement by following the procedures set forth in Section 7 above, you will not have standing to object to the Settlement, and the Court will not consider your objection at the Final Fairness Hearing.

<table>
<tr><td>10. Are there more details about the Settlement? Questions?</td></tr>
</table>

Yes. This notice summarizes the most important aspects of the Settlement. You can get a copy of the Joint Stipulation of Class and Collective Action Settlement and Release and obtain further information regarding the Lawsuit and the Settlement by calling Class Counsel. Their contact information is listed below. You will not be charged any money for communicating with Class Counsel. You may also review the Court's files, including the Joint Stipulation of Class and Collective Settlement and Release, which will be on file with the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, or online through the Public Access to Court Electronic Resources System, known as "PACER," at https://pacer.login.uscourts.gov/csologin/login.jsf?pscCourtId=NYEDC&appurl=https://ecf.nyed.uscourts.gov/cgi-bin/showpage.pl?16.

**Do not telephone the Court for information regarding this Settlement**.

<table>
<tr><td>11. Do I have an attorney in this case?</td></tr>
</table>

The Court has appointed Pechman Law Group PLLC as "Class Counsel" to represent the interests of class members in the Lawsuit. Class Counsel will represent you in the Lawsuit and can answer questions for you regarding the Lawsuit and the Settlement. Class Counsel's contact information is below. You will not be charged any money for Class Counsel's representation of you; rather, Class Counsel will be paid out of the class-wide Settlement Payment, as is explained in Section 3 above. You also have the right to get your own attorney at your own expense, in which case Class Counsel will not represent you in the Lawsuit or Settlement. If you object to the Settlement, Class Counsel will not represent you in your objections. Class Counsel's contact information is as follows:

Louis Pechman, Esq.
Gianfranco J. Cuadra, Esq.
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, NY 10022
Telephone: (212) 583–9500
Fax: (212) 409–8763
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**