*Valencia v. Live Lion Security LLC*
No. 21 Civ. 448 (PK)

# EXHIBIT C

# Notice of Class and Collective Action Settlement (English & Spanish)

Affirmation of Louis Pechman in Support of Motion for Final Settlement Approval

VALENCIA V LIVE LION SECURITY
C/O RUST CONSULTING INC - 7592
PO BOX 2396
FARIBAULT, MN 55021-9096

**IMPORTANT LEGAL MATERIALS**

|||||| - UAA - 003
*0000000819*

RAMON VALENCIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON VALENCIA, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>LIVE LION SECURITY LLC, BENJAMIN MEHREL, and JOSEPH JACOBOWITZ,<br><br>　　　　　　　Defendants. | 21 Civ. 00448 (PK) |

### NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**As a current or former hourly-paid security monitor who worked at Live Lion Security LLC, you are eligible to receive a payment from a class action settlement.**

- Live Lion Security LLC, Benjamin Mehrel, and Joseph Jacobowitz (collectively, "Live Lion") have agreed to pay a total of $350,000.00 to resolve claims that they allegedly failed to pay security monitors overtime wages at the rate of one and one-half times their regular hourly wage rates under federal and state law and spread-of-hours pay under the state law from July 2017 through January 27, 2021.

- Live Lion has denied it paid anyone incorrectly or violated any law, and there has been no finding that Live Lion engaged in any wrongdoing.

- The parties disagree as to who would win, and how much if anything could be won, if the case went to trial. Accordingly, as a result of recent negotiations, the parties reached this settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **Exclude Yourself** | Get no payment and preserve your legal claims. |
| **Object** | Inform the Court about what you oppose in the settlement. |
| **Go to a Hearing** | If you object, you also have the right to ask to speak in Court about the fairness of the settlement. |
| **Do Nothing and Receive a Settlement Check** | Release your rights under New York law and, in exchange, receive a settlement check for the amount set forth below. By cashing the check, you release your rights under federal law. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.

- 1 -

### 1. Why did I get this Notice Package?

You are receiving this notice because Live Lion's records indicate that you (a) worked in its office in New York as a security monitor, (b) were paid on an hourly basis, and (c) may have worked more than forty hours on at least one week and/or at least one shift longer than ten hours between July 2017 and January 27, 2021 (the "Relevant Period"). The above-referenced lawsuit, *Valencia v. Live Lion Security LLC*, 21-cv-448 (PK) (the "Lawsuit"), is pending in the United States District Court for the Eastern District of New York (the "Court"). The Court has preliminarily approved a settlement ("Settlement") of the Lawsuit. The Settlement provides for security monitors who worked more than forty hours on at least one week and/or a shift longer than ten hours during the Relevant Period to receive a portion of the $350,000.00 that Defendants are paying to end the Lawsuit (the "Settlement Payment"). The Court will conduct a hearing (the "Fairness Hearing") to determine if the Settlement should be approved.

This notice describes the Settlement and how you can obtain money from it. This notice also describes how you can exclude yourself from or object to the Settlement.

### 2. What is this Lawsuit about and why did it settle?

Plaintiffs (also known as "Class Representatives") are the persons who started the Lawsuit. They claim that Live Lion paid its hourly-paid security monitors (a) at the same hourly wage rate per hour worked, including for hours worked over forty, and (b) at the minimum wage rate yet required them to work shifts longer than ten hours per day without paying them an additional hour at the full minimum wage rate (known as "spread-of-hours" pay). Plaintiffs further claim that Live Lion gave security monitors weekly paystubs that did not accurately reflect employees' overtime wage rates and failed to give them wage notices at the time of hiring. Plaintiffs assert these claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA") on behalf of themselves and all other security monitors who worked at Live Lion during the Relevant Period.

Live Lion denies Plaintiffs' allegations and asserts that it paid its employees fairly and consistently with all applicable laws. Live Lion also maintains its wage notices and paystubs complied with the NYLL and WTPA. However, Live Lion has decided to settle the Lawsuit to dedicate its time and resources to ongoing business operations instead of defending against a lawsuit.

Plaintiffs' attorneys, referred to as "Class Counsel," believe the Settlement provides a significant benefit to many present and former security monitors and enables them to avoid the risk that Live Lion could win the Lawsuit, in which case class members would recover nothing. The Settlement also enables class members to recover money without the delay of protracted litigation.

The Settlement is the result of good-faith, arm's-length negotiations between the Class Representatives and Live Lion, which included months of discussions, the exchange of thousands of pages of documents and data, negotiations through counsel experienced in these types of cases, and a mediation presided over by a neutral third-party attorney experienced in these types of cases. The Settlement represents a compromise regarding disputed claims, considering the risks and uncertainties of continued litigation. The Class Representatives and Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the class members.

The Federal Judge overseeing the Lawsuit has "preliminarily approved" the Settlement and will make a final decision regarding its fairness at the Fairness Hearing described in Section 8 below.

### 3. What does the Settlement provide, and how much will I be paid?

Under the Settlement, Live Lion will pay $350,000.00 to resolve all claims asserted in the Lawsuit. Based on the payroll records received from Live Lion, Class Counsel calculated the amount Live Lion allegedly owes each class member in (a) unpaid overtime wages, (b) unpaid spread-of-hours pay, and (c) WTPA liquidated damages.

Your "Settlement Share" is equal to all of your alleged unpaid overtime wages and spread-of-hours pay multiplied by two plus a portion of your alleged WTPA damages. The "Net Settlement Amount" is the money remaining of the $350,000 after subtracting from it (a) all wages (multiplied by 2) being paid to Class Members as part of their Settlement Shares, (b) litigation costs, (c) attorney's fees, (d) service payments to Class Representatives, (e) the Claim Administrator's service fees, and (f) a temporary $20,000 reserve fund. Class Counsel divided your individual alleged WTPA damages by the WTPA damages for all Class Members combined, yielding a percentage. That percentage was multiplied by the Net Settlement Amount. The resulting number, added to two times your alleged unpaid wages, equals

your estimated Settlement Share. Please note your estimated Settlement Share is only an estimate. As noted, there is a temporary hold on $20,000 of the Settlement Payment, which may or may not be used up before the Lawsuit ends depending on several factors. Whatever portion of the $20,000 Reserve Fund that is not spent will be added back into the Net Settlement Amount, thereby increasing each Class Member's Settlement Share.

Live Lion will make a settlement payment to all class members who do not exclude themselves from this Settlement (known as the "Rule 23 Class Members").

**BASED ON THE FOREGOING, YOUR ESTIMATED SETTLEMENT SHARE IS: $11,350.60**

Your Settlement Share represents the negotiated payment for all allegedly unpaid overtime and spread-of-hours wages, all alleged liquidated damages, and statutory damages under the FLSA, NYLL, and WTPA. Live Lion will pay and report half of your Settlement Share under IRS Tax Form 1099 and the other half under IRS Tax Form W-2. If any Rule 23 Class Member does not deposit his or her Settlement Check within 180 days from the date it was mailed, he or she will not receive any proceeds under the Settlement and his or her Settlement Share will be returned Live Lion. If a Rule 23 Class Member loses or does not receive a Settlement Check, he or she may request a replacement and/or new check within the first 60 days from the initial mailing of checks.

Neither Class Counsel nor Live Lion makes any representations concerning tax consequences of this Settlement or participation in it, and you are advised to seek your own personal tax advice. Any perceived tax advice in this notice was not intended or written to be used, and it cannot be used, by any recipient for the purpose of avoiding any tax obligations or penalties that may be imposed on any person. This notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction.

At the Fairness Hearing, Class Counsel will apply to receive one-third of the Settlement Payment (an amount equal to $116,666.00) for services they provided plus an additional amount, not to exceed $1,300.00, for costs incurred in the prosecution of the Lawsuit. This amount will be requested based on the substantial work Class Counsel performed in the Lawsuit and the risk Class Counsel took in bringing the Lawsuit. Class Counsel has conducted extensive investigation in prosecuting the Lawsuit for months, including, but not limited to, analyzing payroll data, calculating individualized damages for all Class Members, and negotiating the Settlement.

At the Fairness Hearing, Class Counsel will also request payment of fees to the Claims Administrator, which is the company sending this notice and performing several tasks under this Settlement, in an amount not to exceed $18,000. The Claims Administrator will perform significant work, including controlling the bank account that holds the Settlement Payment, issuing Settlement Checks to each Class Member, and reporting taxes as legally necessary based on each Settlement Share payment.

At the Fairness Hearing, Class Counsel will also ask the Court to approve service payments of $10,000 for Ramon Valencia and $5,000 to Norelvi Serrano for their invaluable services to the Class, including bringing the Lawsuit, providing all information needed for meaningful Settlement discussions to occur, identifying potential class members, and participating in the mediation that led to this Settlement.

**4. How can I receive my payment?**

**IN ORDER TO RECEIVE MONEY FROM THE SETTLEMENT, SIMPLY DO NOTHING.**

Live Lion has entered into this Settlement Agreement because it is committed to paying its employees for amounts that they believe they may be owed. There will be no retaliation or retribution as a result of any employee's participation in the Settlement.

**5. What happens if I become a Rule 23 Class Member?**

If you do nothing, thereby becoming a Rule 23 Class Member, you will receive a Settlement Check for the estimated amount set forth in Section 3 above in exchange for giving up certain rights under New York State laws (*i.e.*, WTPA and NYLL).

### 6. What am I giving up as a Rule 23 Class Member?

If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice, and you, as a Rule 23 Class Member, will release any and all NYLL and WTPA claims, including but not limited to unpaid overtime and spread-of-hours wages, failure to receive accurate paystubs every week, and failure to receive wage notices upon hiring, for the Relevant Period that were or could have been brought in the Lawsuit. However, you will not release any claims under the federal law (*i.e.*, the FLSA) unless you become an FLSA Collective Member by negotiating and/or depositing your Settlement check within 180 days of its mailing to you.

### 7. How do I exclude myself (opt-out) from this Settlement?

To exclude yourself from the Settlement, you must mail a written request to opt-out of the Settlement to the address below.

**VALENCIA V LIVE LION SECURITY**
**C/O RUST CONSULTING INC - 7592**
**PO BOX 2396**
**FARIBAULT, MN 55021-9096**
**(888) 773-8396**

Your request for exclusion must be postmarked on or before July 5, 2022 to be valid. To be valid, the Request for Exclusion from Class Settlement form must be signed and dated by you, and must include your full name, address, and telephone number. The Request for Exclusion from the Class Settlement must specifically state that you want to be excluded from the Settlement in the Lawsuit.

If you exclude yourself, you will not release or waive any legal claims under any law, and you will preserve your right to sue Live Lion on your own for alleged violations of the Released Claims as set forth in the Settlement Agreement. Please note there is a statute of limitations (a time limit) for you to file a lawsuit. However, if you exclude yourself from the Settlement, you will **not** receive any money from this Settlement and you **cannot** object to any part of it.

### 8. Final Approval of Settlement at Fairness Hearing

The Federal Judge presiding over this Lawsuit will conduct a Final Fairness Hearing at 10:00 a.m. on August 16, 2022, at the Court, located at 225 Cadman Plaza East, Brooklyn, NY 11201. At the Fairness Hearing, the Judge will decide whether the Settlement is sufficiently fair and reasonable to warrant final court approval. You are not required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense. If you plan on attending, please contact Class Counsel so that the Court can be notified to ensure that there is enough space and time allotted for you.

### 9. How do I object to the Settlement?

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by mailing, by first-class mail, your written objection to the address below. In order to object to the Settlement, you must remain a Class Member and may not opt-out or exclude yourself from the Settlement.

**VALENCIA V LIVE LION SECURITY**
**C/O RUST CONSULTING INC - 7592**
**PO BOX 2396**
**FARIBAULT, MN 55021-9096**
**(888) 773-8396**

All objection(s) to any part of the Settlement must be signed by you or your counsel and set forth your full name, address, and telephone number. All objections must be postmarked no later than July 5, 2022. If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Fairness Hearing discussed above. Your objection must clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Fairness Hearing. Any reasons for objections not included in the written objection will not be considered by the Court. If you object to the Settlement, Class Counsel will not represent you in your objection.

Any class member who does not object in the manner described above shall be deemed to have waived any objections and shall forever be foreclosed from objecting to the fairness and adequacy of the proposed Settlement, the payment of attorneys' fees, service payments, and litigation costs, the Settlement process(es), and all other aspects of the Settlement.

Likewise, regardless of whether you file an objection, you will be deemed to have released all Released Claims against Live Lion and be subject to the Release contained in the Settlement Agreement as explained in Section 6 above unless you properly request exclusion from the Settlement in accordance with the Section 7 above. Please note that if you exclude yourself from the Settlement by following the procedures set forth in Section 7 above, you will not have standing to object to the Settlement, and the Court will not consider your objection at the Final Fairness Hearing.

### 10. Are there more details about the Settlement? Questions?

Yes. This notice summarizes the most important aspects of the Settlement. You can get a copy of the Joint Stipulation of Class and Collective Action Settlement and Release and obtain further information regarding the Lawsuit and the Settlement by calling Class Counsel. Their contact information is listed below. You will not be charged any money for communicating with Class Counsel. You may also review the Court's files, including the Joint Stipulation of Class and Collective Settlement and Release, which will be on file with the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, or online through the Public Access to Court Electronic Resources System, known as "PACER," at https://pacer.login.uscourts.gov/csologin/login.jsf?pscCourtId=NYEDC&appurl=https://ecf.nyed.uscourts.gov/cgi-bin/showpage.pl?16.

**Do not telephone the Court for information regarding this Settlement.**

### 11. Do I have an attorney in this case?

The Court has appointed Pechman Law Group PLLC as "Class Counsel" to represent the interests of class members in the Lawsuit. Class Counsel will represent you in the Lawsuit and can answer questions for you regarding the Lawsuit and the Settlement. Class Counsel's contact information is below. You will not be charged any money for Class Counsel's representation of you; rather, Class Counsel will be paid out of the class-wide Settlement Payment, as is explained in Section 3 above. You also have the right to get your own attorney at your own expense, in which case Class Counsel will not represent you in the Lawsuit or Settlement. If you object to the Settlement, Class Counsel will not represent you in your objections. Class Counsel's contact information is as follows:

Louis Pechman, Esq.
Gianfranco J. Cuadra, Esq.
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, NY 10022
Telephone: (212) 583–9500
Fax: (212) 409–8763
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

VALENCIA V LIVE LION SECURITY
C/O RUST CONSULTING INC - 7592
PO BOX 2396
FARIBAULT, MN 55021-9096

**MATERIALES LEGALES IMPORTANTES**

|||||| - UAA - 003
*000000819*

RAMON VALENCIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON VALENCIA, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>LIVE LION SECURITY LLC, BENJAMIN MEHREL, and JOSEPH JACOBOWITZ,<br><br>　　　　　　Defendants. | 21 Civ. 00448 (PK) |

**AVISO DE RESOLUCIÓN EN ACCIÓN COLECTIVA Y DE CLASE**

**Como monitor de seguridad actual o antiguo pagado por hora que trabajó en Live Lion Security LLC, usted es elegible a recibir un pago bajo una resolución de acción de clase.**

- Live Lion Security LLC, Benjamin Mehrel, and Joseph Jacobowitz (colectivamente, "Live Lion") han aceptado pagar $350,000.00 para resolver cualquier reclamo alegando que ellos no pagaron a monitores de seguridad salarios suplementarios de tiempo y medio su salario por hora regular bajo ley federal y estatal y pago de tramo de horas bajo ley estatal entre julio 2017 y el 27 de enero del 2021.

- Live Lion ha negado haber pagado a alguna persona incorrectamente o haber violado cualquier ley, y no ha habido ninguna decisión concluyendo que alguien en Live Lion cometió algún mal.

- Las partes disputan quien ganaría y cuanto se podría ganar, si es posible ganar, si el caso llegase a un juicio. Por lo tanto, resultando de recientes negociaciones, las partes han llegado a este acuerdo.

| SUS DERECHOS LEGALES Y OPCIONES EN ESTA RESOLUCIÓN: ||
|---|---|
| **Excluirse** | No recibe pago y mantiene sus reclamos legales. |
| **Oponerse** | Informa a la Corte sobre a qué se opone en esta resolución. |
| **Ir a la audiencia legal** | Si usted se opone, usted también tiene el derecho de pedir permiso de hablar en Corte acerca de la justicia de la resolución. |
| **Hacer nada y recibir un cheque de pago** | Eximir sus derechos bajo la ley de Nueva York y, a cambio, recibir un cheque de resolución por la cantidad que se refleja en las secciones siguientes. Al depositar su cheque, usted exime sus derechos bajo la ley federal. |

- Estos derechos y opciones—y las fechas topes para ejercitarlos—se explican en este aviso.

- La Corte encargada de este caso aún debe decidir si aprobará la resolución. Los pagos se harán si la Corte aprueba la resolución y luego que termine cualquier apelación.

- 1 -

### 1. ¿Porqué he recibido este programa de aviso?

Usted está recibiendo este aviso porque los archivos de Live Lion indican que usted (a) trabajó en su oficina como monitor de seguridad, (b) fue pagado/a una tarifa por hora, y (c) puede haber trabajado más de cuarenta horas por lo mínimo en una semana y/o al menos un turno más largo de diez horas entre julio 2017 y el 27 de enero del 2021 (el "Periodo Relevante").La acción nombrada en superior, *Valencia v. Live Lion Security LLC*, 21-cv-448 (PK) (la "Demanda"), está pendiente en la Corte de Distrito de los Estados Unidos del Distrito Este de Nueva York (la "Corte").La Corte ha aprobado preliminarmente la resolución (la "Resolución") de la Demanda. La Resolución estipula que monitores de seguridad que trabajaron más de cuarenta horas en por lo mínimo una semana y/o un turno más largo de diez horas durante el Periodo Relevante recibirán una porción de los $350,000.00 que los Demandados pagarán al final de la Demanda (el "Pago de Resolución").La Corte tendrá una audiencia (la "Audiencia de Justicia") para determinar si la Resolución debe ser aprobada.

Este aviso describe la Resolución y como usted puede obtener dinero de ella. Este aviso también describe como usted puede excluirse de la Resolución u oponerse a ella.

### 2. ¿De qué se trata la Demanda y porqué se ha resulto?

Los Demandantes (también conocidos como los "Representantes de la Clase") son las personas que comenzaron la Demanda. Los Demandantes alegan que Live Lion pagó a sus monitores de seguridad pagados por hora (a) a la misma tarifa por cada hora trabajada, incluyendo las horas trabajadas en exceso de las cuarenta horas por semana, y (b) a la tarifa salarial mínima pero sin embargo les requirió trabajar turnos más largos de diez horas por día sin pagarles una hora adicional a la tarifa del salario mínimo completo (conocido como "pago de tramo de horas"). Los Demandantes también alegan que Live Lion dio a monitores de seguridad recibos de salario semanales que no reflejaban correctamente su tarifa por pago por horas suplementarias y quebrantó la ley al no darles notificaciones de sus sueldos cuando fueron contratados. Los Demandantes montan estos reclamos bajo la Ley Federal de Normas Razonables de Trabajo (siglas en inglés "FLSA"), la Ley Laboral de Nueva York (siglas en inglés "NYLL") y la Ley de Prevención de Robo de Sueldos de Nueva York (siglas en inglés "WTPA") por si mismos y también por todos los otros monitores de seguridad que han trabajado en Live Lion durante el Periodo Relevante.

Live Lion niega todas las alegaciones de los Demandantes y afirma que pagó a sus empleados justamente y de acuerdo con las leyes que aplican. Live Lion también mantiene que sus notificaciones y recibos de sueldos cumplían con los requisitos de la NYLL y la WTPA. Sin embargo, Live Lion ha decido resolver la Demanda para dedicar su tiempo y empeño a sus operaciones de negocio en vez de defenderse contra una demanda.

Los abogados de los Demandantes, a quienes se les refiere como los "Abogados de la Clase," opinan que la Resolución da un beneficio significante a muchos monitores de seguridad, ambos actuales y antiguos, y les permite de evitar el riesgo que Live Lion gane la Demanda, en cual caso los miembros de clase recibirían nada. La Resolución también permite que los miembros de clase recuperen el dinero sin el retraso de litigio prolongado.

La Resolución es el resultado de negociaciones honestas y en buena fe que se hicieron en igualdad de condiciones entre los Representantes de la Clase y Live Lion, a través de sus respectivos abogados, y las cuales incluyeron meses de negociaciones entre abogados con experiencia en este tipo de casos y una mediación antes de un abogado neutral con experiencia en este tipo de casos. La Resolución representa un compromiso con respecto a los reclamos disputados, considerando los riesgos e incertidumbres de continuar un litigio. Los Representantes de la Clase y los Abogados de la Clase han determinado que la Resolución es justa, razonable, y adecuada y en el mejor interés de los miembros de la clase.

La Jueza Federal supervisando la Demanda ha "aprobado preliminarmente" la Resolución como justa y tomará una decisión final con respecto a la justicia de la Resolución en la Audiencia de Justicia descrita en la Sección 8 más adelante.

### 3. ¿Qué estipula la Resolución, y cuanto se me pagará?

Bajo la Resolución, Live Lion pagará $350,000.00 para resolver todos los reclamos alegados en la Demanda. Basado en los registros de pagos recibidos de Live Lion, los Abogados de la Clase calcularon la cantidad que Live Lion presuntamente debe a cada miembro de la clase por (a) sueldos de sobretiempo, (b) pago de tramo de horas, y (c) daños líquidos bajo el WTPA.

Su "Cuota de Resolución" es igual a todos sus presuntos salarios no pagados por sobretiempo y tramo de horas multiplicados por dos más una porción de sus daños líquidos bajo el WTPA. El "Pago de Resolución Neto" es el monto de dinero restante de los $350,000.00 después de restar (a) todos los salarios (multiplicados por 2) siendo pagados a los miembros de clase como parte de sus Cuotas de Resolución, (b) costos de litigio, (c) honorarios de abogados, (d) pagos de servicio a los Representantes de la Clase, (e) los costos de servicio del Administrador de Reclamos, y (f) un fondo de reserva temporal de $20,000.Los

Abogados de la Clases dividieron los daños líquidos bajo el WTPA de usted por todos los daños líquidos bajo el WTPA de todos los miembros de la clase combinados, lo cual resultó en un porcentaje. Ese porcentaje fue multiplicado por el Pago de Resolución Neto. El resultado, sumado a la cantidad igual a dos veces la cantidad de salarios presuntamente no pagados, es igual a su Cuota de Resolución. Por favor tenga en cuenta que su Cuota de Resolución es solo una estimación. Como se menciona en lo precedente, hay $20,000 del Pago de Resolución temporalmente en espera, lo cual puede como no puede ser usado antes del final de la Demanda dependiendo en varios factores. La porción del Fondo de Reserva de $20,000 que no se gaste se añadirá al Pago de Resolución Neto, de tal manera aumentando la Cuota de Resolución de cada miembro de la clase.

Live Lion hará un pago de resolución a todos los miembros de la clase que no se excluyan de la Resolución (los "Miembros de Clase de Regla 23").

**BASADO EN LO PRECEDENTE, SU CUOTA DE RESOLUCIÓN ES ESTIMADA SER: $11,350.60**

Su Cuota de Resolución representa el pago negociado por todos presuntos sueldos de sobretiempo y tramo de horas no pagados, daños líquidos, y daños por estatutarios bajo las leyes FLSA, NYLL y WTPA. Live Lion hará y reportará mitad del pago de su Cuota de Resolución bajo el formulario de impuestos IRS Tax Form 1099 y la otra mitad bajo IRS Tax Form W-2.Si algún Miembro de Clase de Regla 23 no deposita su cheque por su Cuota de Resolución entre 180 días de que el cheque haya sido enviado a él o ella por correo, no recibirá ningún fondo bajo la Resolución y su Cuota de Resolución será devuelta a Live Lion. Si un Miembro de Clase Participante pierde o no recibe su Cheque de Resolución, puede pedir un remplazo o un nuevo cheque antes de que se cumplan 60 días del día en que primero se enviaron los cheques por correo.

Ni los Abogados de la Clase ni Live Lion representa o asesora con respecto a las consecuencias de impuestos de esta Resolución o participación en ella, y se le aconseja conseguir su propia asesoría personal acerca de los impuestos. Cualquier aparente consejo con respecto a impuestos en este aviso no fue hecho con ese propósito, y no puede ser usado por la persona recibiendo este aviso para el propósito de evitar obligaciones o penalidades de impuestos que puedan ser impuestos a él/ella. Este aviso no impone ninguna limitación sobre la revelación del tratamiento de impuestos o la estructura de impuestos de cualquier transacción.

En la Audiencia de Justicia, los Abogados de la Clase aplicarán para recibir un tercio del Pago de Resolución (una cantidad igual a $116,666.00) por los servicios rendidos más una cantidad adicional, la cual no excederá $1,300.00, por costos que ellos pagaron ejercitando los reclamos de la Demanda. Esta cantidad se pedirá basada en el trabajo sustancial que los Abogados de Clase hicieron en la Demanda y los riesgos que tomaron al empezar esta Demanda. Los Abogados de Clase han investigado extensivamente al proceder con la Demanda por meses, incluyendo, por ejemplo, el análisis de los archivos de pago, el cálculo de daños para cada miembro de clase, y la negociación de la Resolución.

En la Audiencia de Justicia, los Abogados de la Clase también pedirán a la Corte pago de los costos del Administrador de Reclamos, el cual es la compañía enviando esta notificación y haciendo varios deberes bajo la Resolución, en una cantidad que no exceda $18,000.El Administrador de Reclamos desempeñará deberes significantes, incluso entre ellos controlar la cuanta bancaria en la cual se tendrá el Pago de Resolución, otorgar los Cheques de Resolución a cada Miembro de Clase, y declarar impuestos bajo la ley basado en cada pago de Cuotas de Resolución.

En la Audiencia de Justicia, los Abogados de la Clase pedirán a la Corte que apruebe pagos de servicio de $10,000 para Ramón Valencia y $5,000 para Norelvi Serrano por servicios inestimables que ellos rindieron a la Clase, incluyendo empezar la Demanda, dar toda la información necesaria para que las conversaciones de resolución fueran productivas, identificar posibles miembros de clase, y participar en la mediación que resultó en la Resolución.

| **4. ¿Cómo puedo recibir mi pago?** |
|---|

**PARA RECIBIR DINERO DE LA RESOLUCIÓN, SIMPLEMENTE NO HAGA NADA.**

Live Lion ha aceptado el Acuerdo de Resolución porque está dispuesto a pagar a sus empleados que piensan que se les deba pago de sueldos. No habrá represalias contra empleados por participar en esta Resolución.

| **5. ¿Qué pasa si soy un Miembro de Clase de Regla 23?** |
|---|

Si no hace nada, y de esa manera se convierte en Miembro de Clase de Regla 23, recibirá un Cheque de Resolución por la cantidad estimada que se refleja en la Sección 3 anterior a cambio de eximir ciertos derechos bajo las leyes de Nueva York (*i.e.*, WTPA and NYLL).

### 6. ¿Qué estoy renunciando al ser un Miembro de Clase de Regla 23?

Si la Corte finalmente aprueba la Resolución, la Demanda terminará y usted, como Miembro de Clase de Regla 23, eximirá todos sus reclamos bajo la NYLL y la WTPA, incluyendo falta de pago de sueldos por sobretiempo y de tramo de horas, falta de recibir recibos de pagos semanales correctos, y falta de recibir notificaciones de sueldo al ser contratado durante el Periodo Relevante, que fueron o que podrían haber sido puestos en la Demanda. Sin embargo, usted no eximirá sus reclamos bajo la ley federal (*i.e.*, la FLSA) a menos que usted se convierta en un Miembro de la Colectiva de FLSA al cobrar y/o depositar su Cheque de Resolución antes de que se cumplan 180 días del día en que se le envió por correo.

### 7. ¿Cómo me excluyo de esta Resolución?

Para excluirse de la Resolución, debe enviar a la siguiente dirección por correo una solicitud indicando por escrito que desea ser excluido(a) de la Resolución.

**VALENCIA V LIVE LION SECURITY**
**C/O RUST CONSULTING INC - 7592**
**PO BOX 2396**
**FARIBAULT, MN 55021-9096**
**(888) 773-8396**

Su solicitud para ser excluido(a) debe estar estampada por correspondencia o sometida a no más tardar de 5 de julio de 2022 para ser válido. Para ser válida, su Solicitud para Ser Excluido de la Clase de Resolución debe estar firmada y fechada por usted, y debe incluir su nombre completo, dirección, y número telefónico. La Solicitud para Ser Excluido(a) de la Clase de Resolución debe específicamente decir que usted quiere ser excluido(a) de la Clase de Resolución.

Si se excluye, usted no eximirá ningún reclamo legal bajo cualquier ley, y usted mantendrá su derecho de demandar a Live Lion por su propia cuenta por presuntas violaciones de los Reclamos Eximidos, como se describen en el Acuerdo de Resolución. Por favor tenga en cuenta que existe un plazo de prescripción (un límite de tiempo) para que usted pueda comenzar su propia demanda. Si usted se excluye de la Resolución, **no** recibirá ningún dinero de la Resolución y **no** podrá oponerse a ella.

### 8. Aprobación Final de la Resolución en la Audiencia de Justicia

La Jueza Federal supervisando esta Demanda dirigirá una Audiencia de Justicia Final el 16 agosto 2022 a las 10:00 de la mañana en la Corte, localizada en 225 Cadman Plaza East, Brooklyn, NY 11201. En la Audiencia de Justicia, la Jueza decidirá si la Resolución es suficientemente justa y razonable para meritar ser finalmente aprobada por la Corte. No se requiere ni se espera que asista a la Audiencia de Justicia. Pero está bienvenido(a) a asistir si desea hacerlo por su propia cuenta. Si usted planea atender la Audiencia de Justicia, por favor contacte a los Abogados de la Clase para que ellos avisen a Corte y, de tal manera, se aseguran de que haya suficiente espacio y tiempo para usted.

### 9. ¿Cómo me opongo a la Resolución?

Si usted cree que la Resolución es injusta o inadecuada en cualquier respecto, usted puede oponerse a ella, personalmente o a través de un abogado que usted pague por su cuenta, enviando por correo de primera clase su oposición por escrito a la siguiente dirección. Para oponerse a la Resolución, usted debe permanecer un Miembro de Clase y no excluirse de la Resolución.

**VALENCIA V LIVE LION SECURITY**
**C/O RUST CONSULTING INC - 7592**
**PO BOX 2396**
**FARIBAULT, MN 55021-9096**
**(888) 773-8396**

Toda oposición a cualquier parte de la Resolución debe ser firmada por usted o su abogado y debe incluir su nombre, dirección, y número telefónico. Toda oposición debe estar estampada por correo o sometida a no más tardar de 5 de julio de 2022. Si usted somete una oposición a tiempo, usted puede aparecer, personalmente o a través de su abogado, por sus propios medios y pago, a la Audiencia de Justicia descrita anteriormente. Su oposición debe claramente explicar porque se opone a la Resolución y debe decir si usted o alguien actuando por usted tiene la intención de aparecer en la Audiencia de Justicia. La Corte no considerará ninguna razón por las cual usted se opone que no esté incluida en su oposición escrita. Si usted se opone a la Resolución, los Abogados de la Clase no le representarán en su oposición.

Cualquier miembro de clase que no se oponga de la manera descrita en los párrafos anteriores se considerará como si hubiera renunciado el derecho a oponerse a la Resolución y será restringido por siempre de oponerse a la justicia y adecuación de la Resolución propuesta, el pago de honorarios de abogados, los pagos de servicios, y costos de litigio, los procesos de Resolución, y cualquier otro aspecto de la Resolución.

De igual manera, sin importar si usted somete una oposición, a usted se le considerará como si hubiera eximido sus Reclamos Eximidos contra Live Lion y será sujeto a la Descarga contenida en el Acuerdo de Resolución, como se explica en la Sección 6 anterior, al menos de que usted adecuadamente pida ser excluido(a) de la Resolución del acuerdo bajo los términos de la Sección 7 anterior. Por favor tenga en cuenta que, si usted se excluye de la Resolución de acuerdo bajo los términos en la Sección 7 anterior, usted no tendrá derecho a oponerse a la Resolución, y la Corte no considerará su oposición en la Audiencia de Justicia.

### 10. ¿Hay más detalles acerca de la Resolución?¿Preguntas?

Sí. Este aviso resume los aspectos más importantes de la Resolución. Usted puede obtener una copia de la Estipulación Conjunta de Resolución de Acción Colectiva y de Clase y de Descarga y, adicionalmente, puede obtener más información acerca de la Demanda y de la Resolución llamando a los Abogados de la Clase. Su información de contacto figura en la siguiente sección. A usted no se le cobrará ningún dinero por contactar a los Abogados de la Clase. Usted también puede repasar los archivos de la Corte, incluyendo la Estipulación Conjunta de Resolución de Acción Colectiva y de Clase y de Descarga, la cual se puede encontrar con el Secretario de la Corte, la Corte de Distrito de los Estados Unidos del Distrito Este de Nueva York, 225 Cadman Plaza East, Brooklyn, NY 11201, o en línea/internet a través del Sistema de Acceso Público a Registros Electrónicos de Corte (el cual se le conoce en inglés por la siglas "PACER"), que se puede encontrar en https://pacer.login.uscourts.gov/csologin/login.jsf?pscCourtId=NYEDC&appurl=https://ecf.nyed.uscourts.gov/cgi-bin/showpage.pl?16.

**No debe llamar por teléfono a la Corte para información acerca de esta Resolución.**

### 11. ¿Tengo un abogado en este caso?

La Corte ha asignado a Pechman Law Group PLLC como "Abogados de la Clase" para representar los intereses de los miembros de clase en la Demanda. Los Abogados de la Clase lo/la representarán en la Demanda y pueden contestar sus preguntas con respecto a la Demanda y la Resolución. La información para contactar a los Abogados de la Clase figura en las siguientes líneas. A usted no se le cobrará ningún dinero por la representación de los Abogados de la Clase; más bien, a los Abogados de la Clase se les pagará del Pago de Resolución a la clase, como fue explicado en la Sección 3 anterior. También usted tiene el derecho de conseguir su propio abogado y pagarle por su cuenta, en cual caso los Abogados de la Clase no lo/la representarán en la Demanda o en la Resolución. Si usted se opone a la Resolución, los Abogados de la Clase no la/lo representarán con respecto a su oposición. La información para contactar a los Abogados de la Clase es la siguiente:

> Louis Pechman, Esq.
> Gianfranco J. Cuadra, Esq.
> Pechman Law Group PLLC
> 488 Madison Avenue – 17th Floor
> New York, NY 10022
> Teléfono: (212) 583–9500
> Número de Fax: (212) 409–8763
> pechman@pechmanlaw.com
> cuadra@pechmanlaw.com

**POR FAVOR NO LLAMAR NI ESCRIBIR A LA CORTE ACERCA DE ESTE AVISO.**