*Valencia v. Live Lion Security LLC*
No. 21 Civ. 448 (PK)

# EXHIBIT D

# Proposed Order Granting Final Settlement Approval

Affirmation of Louis Pechman in Support of Motion for Final Settlement Approval

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
RAMON VALENCIA, on behalf of himself and all  :
others similarly situated,                    :
                                              :
                        Plaintiff,    :
                                              :
           -against-                         :    21 Civ. 00448 (PK)
                                              :
LIVE LION SECURITY LLC, BENJAMIN MEHREL,      :
and JOSEPH JACOBOWITZ,                        :
                                              :
                       Defendants.   :
------------------------------------------------------------------- X

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT**

This matter came on for hearing upon the Court's Order of February 22, 2022 (ECF No. 24), following the Class Representatives' unopposed motion for final approval of the settlement in this action. Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.     The Court has jurisdiction over the subject matter of the above-captioned action, the named Plaintiff Ramon Valencia and opt-in Plaintiff Norelvi Serrano (together, "Class Representatives"), Live Lion Security LLC, Benjamin Mehrel, and Joseph Jacobowitz (collectively, "Defendants"), and all members of the Settlement Class, which consists of all individuals who were employed by Defendants at Live Lion Security as security monitors who (a) were paid on an hourly basis and (b) worked more than forty hours on at least one week and/or worked at least one shift longer than ten hours

between July 2017 and January 27, 2021, as reflected in Defendants' payroll documents (collectively, the "Settlement Class" or "Settlement Class Members").

  b. The term "Stipulation" refers to the Joint Stipulation of Class and Collective Action Settlement and Release the Parties filed in this case in connection with their application for preliminary approval of this matter, and, unless otherwise defined, all capitalized terms in this Judgment have the same meanings set forth in the Stipulation.

  c. The Court grants final approval of the Parties' Settlement on the terms set forth in the Stipulation.

  d. The Court finds that the distribution by first-class mail and email of the Notices of Proposed Class and Collective Action Settlement ("Notice") constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of due process under the United States Constitution and applicable state laws. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed Class Members of the terms of the Settlement, their rights to receive a share of the settlement proceeds, their rights to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their rights to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. None of the Settlement Class Members objected to or opted out of the Settlement.

  e. The Court previously found, for settlement purposes only, that the proposed Class meets all requirements of Rule 23 of the Federal Rules of Civil Procedure and for collective action certification under Section 216(b) of the Fair Labor Standards Act. *See* ECF No. 24.

      f.     The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representative, and Defendants (collectively, "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

      g.     All claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representative and the Settlement Class Members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

      h.     Each Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out, including the Class Representatives, is considered a Rule 23 Class Member. By operation of this Judgment, all Rule 23 Class Members shall have fully, finally, and forever released and discharged the Released Parties (as defined in the Stipulation) from all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature, and description, whether known or unknown, whether anticipated or unanticipated, under the New York Labor Law and the Wage Theft Prevention Act that were pled our could have been pled in the Action, including claims for alleged unpaid wages, liquidated damages, statutory damages, pre- and post-judgment interest, attorneys' fees, litigation costs, and equitable relief, that arose within the period from July 2017 through January 27, 2021 (the "Class Period") (the "Rule 23 Class Members' Released Claims").

      i.     Each Settlement Class Member who timely negotiates and/or deposits his or her Settlement Check, including the Class Representatives, is considered an "FLSA Collective Member." By operation of the Judgment, in addition to the Rule 23 Class Members' Released Claims, All FLSA Collective Members have, and shall have, fully,

3

finally, and forever released and discharged the Released Parties from all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature, and description, whether known or unknown, whether anticipated or unanticipated, under the Fair Labor Standards Act that were pled or could have been pled in the Action, including claims for alleged unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, litigation costs, and equitable relief, that arose within the period of January 27, 2018, to January 27, 2021 (the "FLSA Collective Members' Released Claims").

      j.      Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendants or any of the Released Parties, or whether class or collective action certification is warranted in this action or any other proceeding or that decertification is not warranted in this action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any of the Released Parties may file the Judgment from the above-captioned matter in any other action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      k.      The Action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and Settlement Class Members from prosecuting any of the Rule 23 Class Members' Released Claims.  Furthermore, this Judgment

4

permanently bars all FLSA Collective Members, including the Class Representatives, from prosecuting any of the FLSA Collective Members' Released Claims.

l. The Court hereby confirms the appointment of Ramon Valencia and Norelvi Serrano as Class Representatives for the Settlement Class for purposes of the Settlement.

m. The Court hereby confirms the appointment of Pechman Law Group PLLC as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

n. The Court hereby confirms the appointment of Rust Consulting Inc. as Claims Administrator to carry out the procedures and directives set forth in the Stipulation.

o. The Court finds that the plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Fund to Settlement Class Members, Class Counsel, the Claims Administrator, and the Class Representatives shall be done in accordance with the terms outlined in the Class Notice and Stipulation. Pursuant to the Class Notice and Stipulation, Defendants shall pay Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00) to fund a Qualified Settlement Fund. Other than Defendants' payment to the Qualified Settlement, payment of employer payroll taxes, and mailing of CAFA notices, Defendants and the Released Parties shall not be required to make any other payments in connection with the Settlement. The following payments shall be paid out of the Qualified Settlement Fund: (i) all Settlement Shares as defined in the Stipulation; (ii) Class Counsel's approved attorneys' fees and costs in this matter; (iii) service awards to the Class Representatives in a combined gross total amount of $15,000, $10,000 payable to Plaintiff Ramon Valencia and $5,000 payable to opt-in Plaintiff Norelvi Serrano; and (iv) settlement administration fees of $11,264 payable to Rust Consulting

Inc. The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel for attorneys' fees of $116,666.00 and costs of $1,139.50 as of the date of disbursement. The enhancement awards to the Class Representatives, as set forth above, are approved. The settlement administration fee of $11,264 to Rust Consulting Inc. is approved.

  p. Defendants are directed to finish depositing the foregoing payments by October 1, 2022, in accordance with the terms of the Stipulation. The payment set forth above shall be paid to all recipients, per the terms of the Stipulation, by the later of October 14, 2022, or seventy-five days from the date of this Judgment. Those payments come out of the total Qualified Settlement Fund provided for in the Stipulation. After deducting the foregoing, the remaining amount shall constitute the Net Settlement Fund, and the Settlement Administrator shall calculate the Settlement Shares to Settling Class Members pursuant to the terms of the Stipulation. The Settlement Administrator shall distribute Settlement Checks to the Class Members, each for the amount of his or her Settlement Share. Such Settlement Checks will contain the language agreed-upon by the Parties in the Joint Stipulation of Class and Collective Action Settlement (or the closest practicable language as noted therein) stating that the Settlement Checks are not transferrable and must be deposited or cashed by the person to whom the Settlement Check is made out.

  q. The unclaimed Settlement Shares and uncashed Settlement Share checks shall be returned to Defendants as set forth in the Stipulation.

  r. This matter is hereby dismissed with prejudice. The Court incorporates into this Judgment by reference all terms in the Stipulation and reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Class, Class Counsel, the Claims Administrator, and Defendants for the

purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

  s. This document constitutes a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

  **SO ORDERED.**

Dated: Brooklyn, New York

    _____, 2022

              _____
               **HON. PEGGY KUO**
               **UNITED STATES MAGISTRATE JUDGE**